1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  MICHELLE BAZU (CABN 266964)
   Assistant United States Attorney
5
       1301 Clay Street, Suite 340S
6      Oakland, California 94612
       Telephone: (510) 637-3680
7      FAX: (510) 637-3724
       michelle.bazu@usdoj.gov
8

9  Attorneys for United States of America

10                         UNITED STATES DISTRICT COURT

11                        NORTHERN DISTRICT OF CALIFORNIA

12                                 OAKLAND DIVISION

13  UNITED STATES OF AMERICA,            ) Case NO. CR 17-00090 JST
                                         )
14       Plaintiff                       ) STIPULATION AND [PROPOSED] PROTECTIVE
                                         ) ORDER REGARDING PRODUCTION OF
15       v.                              ) ATTORNEY'S EYES ONLY DISCOVERY
                                         )
16  DANGELO CURRIE,                      )
                                         )
17       Defendant.                      )
                                         )
18  _____)

19       Pursuant to this Court's Order, the parties submit the following Stipulation and [Proposed]

20  Protective Order Regarding Production of Attorney's Eyes Only Discovery.

21       With the agreement of the parties and the defendant's consent, the Court enters the following

22  Order. The United States will produce unredacted audio and video recordings which identify the

23  confidential informant ("CI") and under cover ("UC") individuals to the defendant's counsel only

24  (hereinafter, the "ATTORNEY'S EYES ONLY DISCOVERY"), subject to the following restrictions:

25       1.   For purposes of this Order, the term "defense team" refers to: (1) the counsel of

26  record and court appointed attorney(s) in this case for the defendants; (2) defense investigators assisting

27  the defense team with this case; (3) persons retained by the defense team's law office to directly assist

28  with this case; and (4) any expert witnesses who may be retained or appointed by the defense team. For

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CR 17-00090 JST                              1

purposes of this Order, a term "defense team" does not include the defendant.

2. The government is authorized to provide the defense team with discovery and may designate any audio and video recordings which identify the CI and UCs as "ATTORNEY'S EYES ONLY DISCOVERY" to be governed by the terms of this protective order. The government may designate discovery as confidential for attorney's eyes only by marking or noting that such discovery is "ATTORNEY'S EYES ONLY DISCOVERY" and, where applicable, shall produce such discovery on a document, CD, or DVD marked "WARNING: CONTENTS SUBJECT TO ATTORNEY'S EYES ONLY PROTECTIVE ORDER. UNAUTHORIZED COPYING OR VIEWING IS SUBJECT TO PUNISHMENT AS CONTEMPT OF COURT."

3. The defense team shall not permit anyone, including the defendant, to have possession of ATTORNEY'S EYES ONLY DISCOVERY pursuant to this Order other than the defense team, subject to ¶ 13 below.

4. The defense team shall not divulge the contents or the substance of any ATTORNEY'S EYES ONLY DISCOVERY, including the name of any witnesses, provided pursuant to this Order to anyone, including the defendant.

5. The defense team shall not permit ATTORNEY'S EYES ONLY DISCOVERY provided pursuant to this Order to be outside of the defense team's offices, homes, vehicles, or personal control. As explained above in ¶¶ 1 through 4, and subject to ¶ 13 below, the defense team must maintain physical possession of the ATTORNEY'S EYES ONLY DISCOVERY and may not allow the defendant to have physical possession of the ATTORNEY'S EYES ONLY DISCOVERY.

6. In the event that one of the parties files a pleading that references or contains ATTORNEY'S EYES ONLY DISCOVERY or information therefrom, that filing must be made under seal, with an order from the Court and pursuant to the procedures set forth in the Criminal and Civil Local Rules for the United States District Court for the Northern District of California.

7. If defense counsel determines that additional persons are needed to review the ATTORNEY'S EYES ONLY DISCOVERY or information therefrom, he or she must obtain a further order of the Court before allowing any other individual to review the materials.

8. A copy of this Order shall be maintained with the ATTORNEY'S EYES ONLY DISCOVERY or information therefrom at all times.

9. All individuals other than defense counsel who receive access to the ATTORNEY'S EYES ONLY DISCOVERY or information therefrom, <u>prior to receiving access to the materials</u>, shall sign a copy of this Order acknowledging that:

    a. they have reviewed the Order;

    b. they understand its contents;

    c. they agree that they will only access the ATTORNEY'S EYES ONLY DISCOVERY or information therefrom for the purposes of preparing a defense for defendant;

    d. they agree that witness names and other identifying information will not be disclosed to anyone outside of the defense team; and

    e. they understand that failure to abide by this Order may result in sanctions by this Court.

Counsel for defendant shall file signed copies of the Order ex parte and under seal with this Court. The United States shall have no access to the signed copies filed under seal without further order of the Court.

10. No other person, other than the defense team, shall be allowed to examine the ATTORNEY'S EYES ONLY DISCOVERY without further order of the Court. Review of the ATTORNEY'S EYES ONLY DISCOVERY shall be done in a secure environment which will not expose the materials to other individuals not listed above.

11. The ATTORNEY'S EYES ONLY DISCOVERY may be duplicated to the extent necessary to prepare the defense of this matter. Any duplicates will be treated as originals in accordance with this Order.

12. The ATTORNEY'S EYES ONLY DISCOVERY may not be attached to any pleadings or other court submissions that are publically filed. The ATTORNEY'S EYES ONLY DISCOVERY may be filed or lodged under seal, with an order from the Court and pursuant to the

procedures set forth in the Criminal and Civil Local Rules for the United States District Court for the Northern District of California.

13. The defense team may disclose the ATTORNEY'S EYES ONLY DISCOVERY or information therefrom to the defendant beginning no sooner than twenty-one days before the start of trial. The defendants shall agree to be bound by all of the terms of this stipulation and order ¶ 9 (a)-(e).

14. A defense team member may not permit the defendant to have physical possession of the ATTORNEY'S EYES ONLY DISCOVERY outside of the presence of a defense team member. A defendant may not have possession of the ATTORNEY'S EYES ONLY DISCOVERY in his jail cell or in common areas within the jail.

15. The defense team shall return the ATTORNEY'S EYES ONLY DISCOVERY (and any duplicate copies of the same) to the United States thirty days after any one of the following events, whichever is latest in time, occurs: dismissal of all charges against defendant; defendant's acquittal by court or jury; or the conclusion of any direct appeal, upon notification by government counsel. This order shall apply even after a conviction and during the pendency and resolution of any appeal, until such time as the materials are returned.

16. After the conclusion of proceedings in the district court or any direct appeal in the above-captioned case, the United States will maintain a copy of the ATTORNEY'S EYES ONLY DISCOVERY. The United States will maintain the ATTORNEY'S EYES ONLY DISCOVERY until the time period for filing a motion pursuant to 28 U.S.C. § 2255 has expired. After the statutory time period for filing such a motion has expired, the United States may destroy the ATTORNEY'S EYES ONLY DISCOVERY. In the event defendant is represented by counsel and has filed a notice of appearance pursuant to 28 U.S.C. § 2255, the United States will upon request provide that counsel with a copy of the ATTORNEY'S EYES ONLY DISCOVERY under the same restrictions as trial and direct appeal defense counsel. Defendant's attorney in any action under 28 U.S.C. § 2255 shall return the same materials fourteen calendar days after the district court's ruling on the motion or fourteen calendar days after the conclusion of any direct appeal of the district court's denial of the motion, whichever is later.

//

STIPULATED:

Dated: May 26, 2017            BRIAN J. STRETCH
United States Attorney

_/s/_
MICHELLE BAZU
Assistant United States Attorney

_/s/_
DORON WEINBERG
Counsel for Defendant Dangelo Currie

IT IS SO ORDERED that disclosure of the above-described materials shall be restricted as set forth above.

DATED: May 26, 2017

HONORABLE JON S. TIGAR
United States District Judge