BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

MICHELLE BAZU (CABN 266964)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    michelle.bazu@usdoj.gov

Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 17-00090 JST |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | |
| DANGELO CURRIE, | **Date:  September 29, 2017**<br>**Time:  9:30 a.m.** |
| Defendant. | **Honorable Jon S. Tigar** |

The United States of America urges the Court to sentence the defendant, Dangelo Currie to (1) 60 months of imprisonment, representing the allowed statutory maximum sentence; (2) three years of supervised release with a special search condition; and (3) pay a $100 special assessment.  The requested sentence is fair and reasonable on this record where the defendant engaged extensively in the dealing of firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A). The requested sentence is sufficient but not greater than necessary to meet the goals of sentencing in this case.

## PROCEDURAL HISTORY

On February 16, 2017, the Grand Jury returned a single-count indictment charging the defendant with dealing firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A).  The defendant was

UNITED STATES' SENTENCING MEMORANDUM
CR 17-00090 JST                        1

arraigned on May 18, 2017.  The defendant has been in continuous custody since August 2016.

On July 14, 2017, the defendant pled guilty.  (ECF No. 21.)  There is no plea agreement.

**FACTUAL BACKGROUND**

On March 15, 2016, the U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) opened a case in furtherance of criminal investigations involving ATF agents' participation on the Safe Streets Task Force (SSTF) which focused on the Broad Day Killer Gang (BDK) and their rival gang, Broad Day.  *See* Presentence Investigation Report (PSR) at ¶ 6.  Starting on the same day and on subsequent occasions, undercover agents (UCs) bought various firearms, ammunition, and a bullet-proof vest from an individual named Aaron Cooper.  PSR at ¶¶ 8-12.

On April 14, 2016, a UC contacted the defendant by phone and after price negotiations, on April 15, 2016, the defendant sold to the UC one firearm (Glock Model 23 .40 caliber pistol) as well as a large capacity magazine and a total of 61 rounds of ammunition.  PSR at ¶¶ 13-16.

On April 27, 2016, the defendant sold to the UC another firearm (.223 caliber rifle) with a high capacity magazine, and a total of 26 rounds of ammunition.  PSR at ¶¶ 21-22.

On May 26, 2016, the defendant sold to the UC another firearm (.40 Sig Sauer pistol, later determined to be stolen), ammunition, and body armor.  PSR at ¶¶ 24-25.

On June 7, 2016, the defendant sold to the UC three firearms (two revolvers and a Glock pistol) and a Glock magazine.  PSR at ¶ 26.

On June 10, 2016, the defendant sold to the UC one Glock firearm and a pistol magazine.  PSR at ¶ 27.

On June 22, 2016, the defendant sold to the UC two firearms.  The UC informed the defendant that the firearms were going to Mexico.  PSR at ¶ 28.

On July 6, 2016, the defendant sold four firearms to the UC.  PSR at ¶ 29.

On July 20, 2016, the defendant and another associate sold three firearms to the UC.  PSR at ¶ 30.

On August 2, 2016, the defendant sold four firearms to the UC.  One of the firearms had an obliterated serial number.  PSR at ¶ 31.

The defendant did not hold at any time a license to sell firearms.

UNITED STATES' SENTENCING MEMORANDUM
CR 17-00090 JST                                        2

**SENTENCING RECOMMENDATION**

**A.    The Defendant's Offense Level is 21**

On August 28 and August 30, 2017, the Government filed a timely response to the proposed presentence report of August 28, 2017.

The Government agrees with U.S. Probation regarding the offense level calculations:

| | | | |
|---|---|---|---|
| a. | Base Offense Level: U.S.S.G. § 2K2.1(a)(7) | | 12 |
| b. | Specific Offense Characteristics: U.S.S.G. § 2K2.1(b)(1)(B) – the offense involved 8-24 firearms | | +4 |
| c. | Specific Offense Characteristics: U.S.S.G. § 2K2.1(b)(4)(B) – firearm had an obliterated serial number | | +4 |
| d. | Specific Offense Characteristics: U.S.S.G. § 2K2.1(b)(5) – defendant engaged in trafficking of firearms | | +4 |
| e. | Acceptance of Responsibility: | | -3 |
| f. | Total Adjusted Offense Level: | | 21 |

**B.    The Defendant's Criminal History Category is VI**

The United States concurs with the U.S. Probation Officer's conclusion that the defendant's Criminal History Category is VI.  PSR ¶59.  On May 31, 2013, the defendant was sentenced to a term of probation, following a conviction for grand theft, a felony.  PSR ¶ 50.  On April 24, 2015, the defendant's term of probation was modified with an additional 12 months of probation and 180 days in juvenile hall.  *Id.*  This conviction yields two criminal history points.  *See* U.S.S.G. §§ 4A1.1(a) and 4A1.2(d)(2)(A).

On August 2, 2015, the defendant was sentenced to a term of 12 months probation and 360 days in juvenile hall, following a conviction for robbery – use of a firearm, a felony.  PSR ¶ 51.  This conviction yields two criminal history points.  *See* U.S.S.G. §§ 4A1.1(b) and 4A1.2(d)(2)(A).

On September 12, 2016, the defendant was sentenced to a term of 5 years of probation and one year in jail, following a conviction for first degree residential burglary, a felony.  PSR ¶ 56.  This conviction yields two criminal history points.  *See* U.S.S.G. § 4A1.1(b).

On March 30, 2017, the defendant was sentenced to 6 years in prison, following a conviction for burglary, a felony.  PSR ¶ 54.  This conviction yields three criminal history points.  *See* U.S.S.G. §

UNITED STATES' SENTENCING MEMORANDUM
CR 17-00090 JST                                3

4A1.1(a).

Also on March 30, 2017, the defendant was sentenced to 6 years in prison (to be served concurrently), following a conviction for being a felon in possession of a firearm, a felony.  PSR ¶ 55. This conviction yields three criminal history points.  *See* U.S.S.G. § 4A1.1(a).

The defendant was also on probation at the time he committed the instant offense, which adds two criminal history points.  PSR ¶ 58; U.S.S.G. § 4A1.1(d).

Accordingly, the defendant has fourteen criminal history points, giving him a Criminal History Category of VI.  As set forth above, the Offense Level is 21; therefore, the defendant's resulting sentencing range is 77 to 96 months.  However, the statutorily allowed maximum custodial sentence is 60 months.

### C.      60 Months in Prison is a Reasonable Sentence

#### 1.      Applicable Law

The Court should impose a sentence that is sufficient, but not greater than necessary, to reflect the purposes of sentencing as identified by Congress in 18 U.S.C. § 3553(a)(2).  *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  The Court should begin the process of determining an appropriate sentence by calculating the correct Guidelines range.  *Id*.  Although the Guidelines are not binding, they "reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives."  *United States v. Rita*, 551 U.S. 338, 350 (2007).

The Guidelines range will be the starting point and initial benchmark for the sentence.  *Carty*, 520 F.3d at 991.  The Court should keep the Guidelines range in mind throughout the process, let the parties argue for a sentence they believe is appropriate, and consider the factors identified in section 3553(a).  *Id*.  If the Court imposes a sentence outside the Guidelines range, it must consider the extent of the deviation and ensure that its justification for deviating from the range is sufficiently compelling to support the degree of variance in the sentence that it imposes.  *Id*.

Because the charged offense carries a maximum custodial sentence of 60 months, the statutorily authorized maximum sentence becomes the Guideline sentence.  *See* U.S.S.G. § 5G1.1(a).

#### 2.      The Section 3553(a) Factors Support a Sentence of 60 Months Imprisonment

As discussed below, the defendant has a serious history of criminal behavior.  Most recently, he

UNITED STATES' SENTENCING MEMORANDUM
CR 17-00090 JST                                                4

sold a significant amount of firearms, extended magazines, ammunition, and body armor to undercover federal officers without any concern for the gravity of his actions.

### D.        Imposition of Special Search Condition

In addition to the supervised release conditions fixed by the Court, the Government recommends that the defendant should be subject to the following search condition:

> Special Condition (Searches)
> The defendant shall submit his person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), and any property under defendant's control to a search. Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time, with or without suspicion. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

#### a.        The Nature and Circumstances of the Offense and History and Characteristics of the Defendant

#### i.        Nature and Circumstances of the Offense

The nature and circumstances of the offense warrant the proposed term of imprisonment. Over a period of a few months, not only did the defendant sell to undercover officers a high number of firearms and ammunition, but these transactions included rifles, large capacity magazines, and a fully automatic machinegun. The defendant also showed extensive knowledge about modifying firearms into fully automatic mode. The defendant was also made aware that at least some of these firearms would be transported to Mexico.

The defendant's actions demonstrate a blatant disregard for the law and for the safety of the community. Thus, a 60-month prison sentence is warranted.

#### ii.        Characteristics of the Defendant

Although only twenty years old, the defendant has had multiple encounters with law enforcement, including offenses involving firearms, such as another incident where the defendant was in possession of a firearm with an extended magazine. *See* PSR ¶¶ 51, 55.

The defendant's criminal history, which is very serious in nature, demonstrates that defendant's numerous police encounters have not deterred him from further criminal activity. Accordingly, a 60-month prison sentence is warranted.

UNITED STATES' SENTENCING MEMORANDUM
CR 17-00090 JST                                      5

**b.    Deterrence of Criminal Conduct and Need to Protect the Public**

The remaining factors under section 3553(a) also support a 60-month term of imprisonment. The need to deter the defendant and generally deter others from engaging in trafficking of firearms without a license is a compelling sentencing factor in this case.

The need to protect the public is, likewise, a relevant sentencing factor.  As mentioned above, the defendant sold a large number of highly dangerous firearms, extended magazines, and ammunition without showing any concern for the possible damage these firearms can pose for the community.  This factor, therefore, also counsels in favor of a 60-month sentence.

**c.    Avoiding Sentencing Disparities**

For the reasons set forth above, the defendant should be held to the same Guidelines-based consequences of other criminals.  Therefore, this sentencing factor also weighs in favor of a 60-month sentence.

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests this Court to sentence the defendant to (1) 60 months of imprisonment, representing the allowed statutory maximum sentence; (2) three years of supervised release with a special search condition; and (3) pay a $100 special assessment.

DATED: September 22, 2017                    Respectfully submitted,

                                            BRIAN J. STRETCH
                                            United States Attorney


                                                   /s/
                                            MICHELLE BAZU
                                            Assistant United States Attorney

UNITED STATES' SENTENCING MEMORANDUM
CR 17-00090 JST                                  6